IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMON DEKERF,<br>    Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-2667-D<br>JURY DEMANDED |
| DEREK BEHRINGER,<br>    Defendant. | § § § | |

## DEFENDANT DEREK BEHRINGER'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Derek Behringer ("Defendant"), Defendant in the above-entitled and numbered cause, and makes and files this his Original Answer to Plaintiff's Original Complaint (hereafter, "Plaintiff's Complaint"), showing unto the Court as follows:

### *Untitled/Unnumbered Introductory Paragraph*

To the extent Plaintiff is quoting from a case, Defendant would refer directly to the cited case.

### SUMMARY

Defendant admits that Plaintiff is bringing suit for an alleged violation of his Fourth Amendment rights as alleged in this unnumbered paragraph under this subsection. Otherwise, Defendant denies that he violated Plaintiff's constitutional rights and denies the remaining allegations contained in this paragraph.

### I.
### PARTIES

1.  Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that, at the time of the incident, he was a police officer with the City of Waxahachie Police Department. Defendant further admits that he has been sued in his individual capacity. Otherwise, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## II.
## JURISDICTION AND VENUE

3. Defendant admits this Court has jurisdiction. Defendant denies that Plaintiff is entitled to any relief which he seeks.

4. Defendant admits that venue is proper.

## III.
## FACTS AND ALLEGATIONS

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that officers made contact with Plaintiff as he was parked at a gas pump and reportedly passed out. Otherwise, Defendant denies as worded the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff refused to exit his vehicle and drove off with an officer in the vehicle. Otherwise, Defendant denies as worded the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that an officer was in the vehicle trying to place the vehicle in park when Plaintiff accelerated and drove off. Otherwise, Defendant denies as worded the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that after Plaintiff placed the officer in a headlock, continued to drive and refused to let go of the officer, the officer was able to let go of the gear shift and push himself out of the vehicle while the vehicle was moving. Otherwise, Defendant denies as worded the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that the officer's left foot, right knee and right elbow were injured. Otherwise, Defendant denies as worded the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Ellis County Sheriff's Department set up a perimeter around the home. Otherwise, Defendant denies as worded the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that he told the homeowner that "this guy tried to kill a cop this morning." Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits that Plaintiff was lying in bed with the covers over him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that Paragraph 30 references an annotated screen shot from Defendant's body cam. Defendant denies making the annotations.

40. Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant admits that Plaintiff yelled as alleged in Paragraph 41 of Plaintiff's Complaint. Otherwise, Defendant denies as worded the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant admits that Paragraph 44 references an annotated screen shot from Defendant's body cam. Defendant denies making the annotations.

45. Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant admits that Plaintiff initially complied with his order to show his hands. Otherwise, Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies as worded the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies as worded the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies as worded the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant admits that Plaintiff was wearing torn underwear. Otherwise, Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies as worded the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant admits that Officer Farmer attempted to drag Plaintiff to the floor by the leg but he resisted. Otherwise, Defendant denies as worded the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies as worded the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant admits that Paragraph 62 contains a screen shot from Defendant's body cam. Defendant denies Plaintiff's characterization of what is happening in the screen shot in Paragraph 62 of Plaintiff's Complaint.

63. Defendant admits that Officer Farmer was able to grab Plaintiff's arm and drag him to the floor. Otherwise, Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant admits that Paragraph 71 contains a screen shot from Defendant's body camera. Otherwise, Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies as worded the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendant admits the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant admits the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendant admits the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant admits that Plaintiff's injuries from evading the police all day were treated at the hospital. Otherwise, Defendant denies as worded the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant admits the allegations contained in Paragraph 86 of Plaintiff's Complaint.

## IV.
## CAUSES OF ACTION

### COUNT ONE

### Excessive Force
### Violation of the Fourth Amendment Violations Pursuant to 42 U.S.C. § 1983
### Against Defendant Derek Behringer

87. Defendant incorporates by reference his responses to the previous allegations.

88. Defendant denies he violated Plaintiff's constitutional rights as alleged in Paragraph 88 of Plaintiff's Complaint.

89. Defendant admits that Plaintiff is bringing his claim pursuant to 42 U.S.C. § 1983. However, Defendant denies that he violated Plaintiff's constitutional rights.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. To the extent Paragraph 91 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same. Defendant further Defendant denies that he violated Plaintiff's constitutional rights.

92. To the extent Paragraph 92 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

93. To the extent Paragraph 93 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

94. To the extent Paragraph 94 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

95. To the extent Paragraph 95 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

96. To the extent Paragraph 96 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

97. To the extent Paragraph 97 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

98. To the extent Paragraph 98 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

99. Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendant admits that the Pardons and Parole warrant classified Plaintiff as armed and dangerous. Otherwise, Defendant denies as worded the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. To the extent Paragraph 102 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

103. Defendant admits that, after the homeowner lied about Plaintiff being in the house, she stated that Plaintiff was unarmed and no weapons were in the home. Otherwise, Defendant denies as worded the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. To the extent Paragraph 105 of Plaintiff's Complaint contains Plaintiff's interpretation of law, Defendant denies the same and would refer directly to the cited cases. Defendant further denies that he violated Plaintiff's constitutional rights.

106. Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

## V.
## PUNITIVE DAMAGES

113. Defendant incorporates by reference his responses to the previous allegations.

114. Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint. Defendant further specifically denies that Plaintiff is entitled to any of the relief he seeks, including punitive damages.

## VI.
## DAMAGES

116. Defendant incorporates by reference his response to the previous allegations.

117. Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of Plaintiff's Complaint. Defendant further denies that he violated Plaintiff's constitutional rights.

119. Defendant denies the allegations contained in Paragraph 119 and further denies that Plaintiff is entitled to any of the relief he seeks, including punitive damages.

120. Defendant denies the allegations contained in Paragraph 120 and further denies that Plaintiff is entitled to punitive damages.

121. Defendant denies the allegations contained in Paragraph 121 and its subparts (a)-(d) of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any of the relief he seeks.

122. Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to punitive damages.

## VII.
## ATTORNEY'S FEES

123. Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

## VIII.
## JURY REQUEST

124. Defendant also requests a jury trial.

## PRAYER

Defendant denies that Plaintiff is entitled to the relief he seeks in his Prayer.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant makes the following specific denials, affirmative defenses and/or defenses:

1. Defendant affirmatively pleads that there is no causal connection between the allegations against Defendant and the injury of which Plaintiff complains.

2. Plaintiff's claims are barred by the doctrines of sovereign and governmental immunity.

3. Defendant denies that he violated 42 U.S.C. § 1983, the Fourth and/or Fourteenth Amendments of the U.S. Constitution.

4. Defendant affirmatively pleads the affirmative defense of qualified immunity.

5. Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiff's alleged damages.

6. Defendant affirmatively pleads and denies that Defendant committed wrongful acts and/or omissions that were wanton, malicious and done with the specific intent to deprive Plaintiff of his rights.

7. Defendant affirmatively pleads that Defendant did not violate clearly established law or statutory or constitutional rights of which a reasonable person would have known, and at all times, such person's conduct was objectively reasonable.

8. Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

9. Defendant affirmatively pleads that he is entitled to the defense of qualified immunity, and affirmatively pleads that on the occasion in question, he acted without malice, without an intent to deprive Plaintiff of any legally protected rights, and with a reasonable, good

faith belief that his actions were lawful and proper and within and pursuant to the scope of his discretionary authority.

10. Defendant affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages.

11. Defendant denies that Plaintiff is entitled to punitive damages.

12. Defendant denies violating Plaintiff's constitutional and/or statutory rights.

13. Defendant denies that excessive force was used against Plaintiff.

Defendant reserves the right to amend his affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant, Derek Behringer, prays that judgment be rendered, that Plaintiff takes nothing by this suit and that Defendant be permitted to go hence without delay and recover his costs and attorney's fees in his behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY
 & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR DEFENDANT
DEREK BEHRINGER**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the   14th   day of February, 2023.

**VIA E-FILE**
Scott H. Palmer
Scott H. Palmer, PC
15455 Dallas Parkway, Suite 540
Addison, Texas 75001

               */s/ D. Randall Montgomery*

               **D. RANDALL MONTGOMERY**